FILED

2016 OCT -3 PM 1: 03

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL COFFMAN, *on behalf of himself*
*and all others similarly situated,*

Plaintiff,

vs.

TRUEACCORD CORP.,

Defendant.

Civil Action No. 3:16cv1262-J-20 JRK

CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

1

5. The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

6. "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)

7. Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

8. Among the rights provided by the FDCPA, § 1692g(a) creates a 30 day period from the consumer's receipt of a debt collector's initial communication, in which the consumer may dispute the debt and require the debt collector to obtain verification or other information about the debt and send it to him before continuing collection activities. 15 U.S.C. § 1692g(a)(3)-(5).

9. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham, P.C.*, --- F.3d ----, 2016 WL 3913445 (9th Cir. July 20, 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

10. If a consumer disputes the debt in writing, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

11. To impose any of these legal requirements on the debt collector before it may continue collecting, the consumer must send his dispute (1) in writing, and (2) within 30 days of his receipt of the initial communication. 15 U.S.C. § 1692g(a)(4)-(5); 15 U.S.C. § 1692g(b).

12. The Eleventh Circuit "reject[s] the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing. Likewise, the consumer has a right to verification only if she disputes the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing 15 U.S.C. §§ 1692g(a), 1692g(b)).

13. If the consumer fails to dispute the debt or request the name and address of the original creditor in writing, the debt collector is not required to cease collection or send the consumer verification of any kind. 15 U.S.C. § 1692g(a)(3)-(5); *see Bishop*, 817 F.3d at 1274 ("Nothing in the statute suggests that debt collectors have discretion to relax these requirements").

## PARTIES

14. Plaintiff, Michael Coffman ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant, TrueAccord Corp. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

19. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle loan (the "Debt").

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. In connection with the collection of the Debt, Defendant sent Plaintiff a written communication via electronic mail.

22. A true and accurate copy of Defendant's email to Plaintiff is attached to this complaint as Exhibit A.

23. This email was Defendant's initial communication with Plaintiff with respect to the Debt.

24. Defendant's email stated, in part: "If you notify us that you dispute this debt within 30 days from receiving this notice, we will obtain a verification of the debt and e-mail you a copy. You may also request within 30 days of receiving this notice that we will provide you with the name and address of the original creditor, if different from the current creditor."

25. By failing to state that the consumer's dispute of the debt, or any portion thereof, must be made in writing, Defendant failed to meaningfully convey the statement required by 15 U.S.C. § 1692g(a)(4).

26. By failing to state that the consumer's request for the name and address of the original creditor must be in writing, Defendant failed to meaningfully convey the statement required by 15 U.S.C. § 1692g(a)(5).

## CLASS ALLEGATIONS

27. Plaintiff repeats and re-alleges all factual allegations above.

28. Upon information and belief, Defendant's email is based on a form or template that Defendant uses to send collection communications to individuals (the "Template").

29. The Template is Defendant's initial communication with a consumer with respect to the collection of a debt.

30. Defendant has sent the Template to over 40 individuals in State of Florida, as Defendant did with Plaintiff above.

31. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All individuals located in the State of Florida to whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a debt, the Template.

32. The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

33. The class is averred to be so numerous that joinder of members is impracticable.

34. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

35. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

36. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

37. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

38. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

39. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

40. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

41. Plaintiff is willing and prepared to serve this Court and the proposed class.

42. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

43. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

45. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

48. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced

over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

49. Plaintiff repeats and re-alleges each and every factual allegation above.

50. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey the statement required by section 1692g(a)(4) in its initial communication with Plaintiff, or in writing within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow, in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff, and the class he seeks to represent, any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(5)

51. Plaintiff repeats and re-alleges each and every factual allegation above.

52. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to meaningfully convey the statement required by section 1692g(a)(5) in its initial communication with Plaintiff, or in writing within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(5) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow, in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of

$500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff, and the class he seeks to represent, any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other relief as the Court deems just and proper.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 27, 2016.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206